STATE, Respondent, v. FRIZZELL, Appellant.

*No. State 243.  Argued June 4, 1974.—Decided June 28, 1974.*
(Also reported in 219 N. W. 2d 390.)

For the appellant there was a brief and oral argument by *Laurence E. Norton II*, Legal Aid Society of Milwaukee.

For the respondent the cause was argued by *Charles R. Larsen*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

WILKIE, J.  The lone issue on this appeal is: Did the defendant waive the application of the rule calling for the balancing of the prejudicial effect of evidence of one prior conviction for disorderly conduct as against the value of such evidence for impeaching the testimony of the defendant?

There is no question but what, in the present case, defendant's counsel brought out evidence of one prior conviction of disorderly conduct on his direct examination of the defendant. Because defense counsel did not take

advantage of the opportunity then to have the alleged prejudicial evidence excluded under the rulings of this court adopting Rule 303 of the Model Code of Evidence [1] (now part of the new Wisconsin Rules of Evidence),[2] the defendant has waived any objection to the receipt of that evidence. Although we therefore do not need to reach the question of the validity of the Wisconsin rule which calls for such balancing, we note that we have repeatedly affirmed that rule, and have found it to be constitutional and not a denial of due process.[3] Counsel has not advanced any argument to prompt us to reconsider our decision on this point in any respect. There being competing testimony about the incidents of May 3 and 4, 1973, the issue of fact could well have turned on the credibility of the witnesses, including the defendant, and the impeachment of the defendant's testimony was perfectly proper.

*By the Court.*—Judgment and order affirmed.

[1] *Whitty v. State* (1967), 34 Wis. 2d 278, 149 N. W. 2d 557, certiorari denied (1968), 390 U. S. 959, 88 Sup. Ct. 1056, 19 L. Ed. 2d 1155; *State v. Driscoll* (1972), 53 Wis. 2d 699, 708, 193 N. W. 2d 851.

[2] Sec. 906.09 (2), Stats. 1973.

[3] *State v. Driscoll, supra,* footnote 1. *See also: Spencer v. Texas* (1967), 385 U. S. 554, 87 Sup. Ct. 648, 17 L. Ed. 2d 606.